**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                       :
CONRADEAN FIELDER,                     :  CIVIL ACTION NO. 09-4100 (MLC)
                                       :
      Plaintiff,                       :  MEMORANDUM OPINION
                                       :
      v.                               :
                                       :
I-FLOW CORPORATION, et al.,            :
                                       :
      Defendants.                      :
                                       :
```

**COOPER, District Judge**

The plaintiff brought this action in New Jersey state court against, among other defendants, the defendant Astrazeneca LP ("ALP") to recover damages pursuant to state law for personal injuries suffered from medical products. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.) The defendants removed the action to this Court pursuant to 28 U.S.C. § ("Section") 1332. (Rmv. Not.) The Court will remand the action.

### BACKGROUND

**I.   Legal Background**

    **A.   Partnership's Citizenship**

A partnership is deemed to be a citizen of each state in which each partner comprising the partnership is deemed to be a citizen. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419-20 (3d Cir. 2010). For instance, if one of the partners comprising a partnership is deemed to be a citizen of, among other places, New Jersey, then the partnership itself is deemed to be a citizen of, among other places, New Jersey as well.

B.   **Section 1441(b)**

A state court action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". 28 U.S.C. § 1441(b); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). This is known as "the forum-defendant rule". For instance, if an action brought against more than one defendant in New Jersey state court is removed under Section 1332, and if one of those defendants is deemed to be a New Jersey citizen, then that action — even if jurisdiction under Section 1332 exists — is nonetheless subject to remand.

C.   **Fraudulent Joinder**

A plaintiff bringing an action in state court against more than one defendant may not commit "fraudulent joinder" by naming a defendant who is not of diverse citizenship solely to defeat removal under Section 1332. Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir.

2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985).

The concept of fraudulent joinder also applies when a plaintiff who is not a citizen of a state brings an action in the state court of that state against defendants who are all of diverse citizenship, and names a defendant who is a citizen of that state solely to defeat removal under the forum-defendant rule. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380-81 (11th Cir. 1998) (reversing order denying motion to remand based on forum-defendant rule and directing district court to remand).[1] For instance, a plaintiff who is not a New Jersey citizen may not name a New Jersey citizen among the several defendants named in a New Jersey state court action for the sole purpose of denying the defendants the opportunity to remove the action to federal court under Section 1332.

---

[1] See also Ware v. CIBA Specialty Chems. Corp., No. 04-1645, 2004 WL 1743938, at *1-*5 (D.N.J. Aug. 4, 2004) (granting motion to remand to New Jersey state court, even though Section 1332 jurisdiction otherwise existed, as one defendant among several defendants was a New Jersey citizen and was not fraudulently joined); Blech v. Ford Motor Co., No. 03-6204, 2004 WL 1047649, at *1-*3 (E.D. Pa. May 6, 2004) (granting motion to remand to Pennsylvania state court, even though Section 1332 jurisdiction otherwise existed, as three defendants among several defendants were Pennsylvania citizens and were not fraudulently joined).

**II. Factual Allegations**

    **A.   ALP's Citizenship**

ALP is a partnership. (Rmv. Not. at 5.) One of the partners comprising ALP — KBI Sub, Inc. — is deemed to be a citizen of, among other places, New Jersey. (Id.) Thus, ALP itself is deemed to be a citizen of, among other places, New Jersey.

    **B.   Alleged Injuries**

The plaintiff alleges that ALP, in connection with its related defendants, Astrazeneca Pharmaceuticals LP ("APLP") and Zeneca Holdings Inc. ("ZHI"):

> research[ed], develop[ed], manufacture[d] and market[ed] [anesthetic drugs used in an anesthetic delivery system ("pain pump")] . . . including bupivacaine (marketed under the brand names Marcaine and Sensorcaine), ropivicaine [sic] (marketed under the brand name Naropin), and lidocaine (marketed under the brand name Xylocaine), with or without epinephrine, injectable anesthetic drugs used in the pain pumps manufactured and marketed by [other defendants]. At all times relevant hereto, [ALP, APLP, and ZHI were] engaged in the testing, manufacturing, labeling, marketing, distributing, promoting and selling the pain pump anesthetics.

(Compl. at 5.)

> The plaintiff alleges that during shoulder surgery, her:

> surgeon affixed to Plaintiff's shoulder a pain pump with continuously injected anesthetic drugs. Plaintiff's pain pump, through a catheter emanating from the pump and implanted under the skin, injected pain relief drugs directly into her shoulder joint on a continuous basis. . . . The anesthetic drug used was ropivacaine, manufactured by the Defendants.

(Id. at 10 (paragraph designations deleted).)  The plaintiff alleges that her shoulder was injured as a result.  (Id. at 11.)[2]

### III. Motion Practice

When the defendants removed the action, the Court notified the plaintiff that it would be preferable in this instance if the plaintiff were to timely move for remand on any available ground. (Dkt. entry no. 18, 8-27-09 Order at 6-10 (listing, inter alia, forum-defendant rule).)  The plaintiff now timely moves to remand under the forum-defendant rule due to ALP's presence in the action.  (See generally dkt. entry no. 31, Pl. Br.; dkt. entry no. 51, Pl. Opposition Br. to ALP's Cr. Mot. to Dismiss ("Pl. Opp.").)  See 28 U.S.C. § 1447(c).  ALP, APLP, and ZHI oppose the motion, and cross-move to dismiss the Complaint insofar as it is asserted against ALP on the ground that it has been fraudulently joined.  (See generally dkt. entry no. 46, ALP Br.)[3]

The plaintiff argues that she has pleaded that (1) ALP researched, developed, manufactured, and marketed products containing ropivacaine, and (2) the ropivacaine and the pain pump caused her injuries.  (Pl. Br. at 5; Pl. Opp. at 4.)  The plaintiff also argues that ALP had labeling and regulatory

---

[2] The Court has omitted most of the allegations against the other defendants.  The focus of the analysis for the purposes of remand will be on ALP.

[3] Other defendants herein support ALP, APLP, and ZHI in seeking this relief.  (See dkt. entry nos. 45, 47.)

reporting responsibilities for ropivacaine during and after her surgery.  (Pl. Br. at 5-6.)

ALP argues that "[w]ith the sole exception of one paragraph claiming '[t]he anesthetic drug used was ropivacaine manufactured by Defendants' . . . , Plaintiff supports every count in the Complaint with the allegation that 'pain pump anesthetics' were responsible for her injuries", and derides the plaintiff's "shotgun approach to her own allegations" in view of the information she should be able to glean from her medical records. (ALP Br. at 1-2.)  ALP also argues that the Complaint appears to allege that many of the defendants manufacture, market, and distribute ropivacaine.  (Id. at 8.)  ALP further argues that the plaintiff "makes no allegation that would distinguish the conduct of [ALP] from that of any of the other [defendants], nor does she allege that an anesthetic medication made by [ALP] was actually placed into her pain pump thereby causing her injuries."  (Id. at 11.)  Thus, in view of the plaintiff's less than concise pleading, ALP argues that it has been fraudulently joined as a defendant. (Id. at 5; see generally dkt. entry no. 53, ALP Reply Br.)

The plaintiff replies that her medical records do not list the manufacturer of the ropivacaine, and thus she brought the action against all of the defendants involved with the manufacture of ropivacaine in order to avoid a statute of limitations issue. (Pl. Opp. at 5.)  She also argues that she continues to

6

investigate which entity manufactured the ropivacaine. (Id.; dkt. entry no. 52, Pl. Decl. at 2.)[4]

## DISCUSSION

A party raising a fraudulent joinder argument has a "heavy burden of persuasion" to show that the plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant. Boyer, 913 F.2d at 111. When addressing the issue of fraudulent joinder, the Court must (1) resolve in the plaintiff's favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that a defendant was properly joined if there is "even a possibility" that a state court would find that a complaint states a claim. Id. For a defendant to be found to be fraudulently joined, the claims asserted against that defendant must be "wholly insubstantial and frivolous". Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment. See Briscoe, 448 F.3d at 217-18 (stating district court errs if a fraudulent joinder inquiry delves into a claim's merits); Batoff,

---

[4] The Court reviewed ALP's supplemental papers. (See dkt. entry no. 57, 12-16-09 Letter; dkt. entry no. 61, 3-12-10 Letter; dkt. entry no. 64, 5-25-10 Letter.)

7

977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue).  An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder".  Batoff, 977 F.2d at 852.  As a fraudulent joinder analysis is not as "penetrating", the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment.  Id. at 852-53.[5]

    The plaintiff has not fraudulently joined ALP here, as the claims against ALP are not wholly insubstantial and frivolous.  The Complaint is not a model of conciseness.  But the Complaint does allege that the plaintiff was injured by ALP's product when it was used in conjunction with a medical device.  ALP cannot argue that New Jersey law, or the law of any state, would bar this type of claim.  Furthermore, the plaintiff's motivation to circumvent a potential statute of limitations issue by naming several defendants who may be responsible for the ropivacaine is reasonable.  Cf. Brown, 575 F.3d at 327 (noting that statute of

---

[5] ALP appears to argue that the there is a "heightened standard applicable here due to [ALP's] allegations of fraudulent joinder".  (See ALP Br. at 11 n.7.)  That argument is not correct.

limitations defense may be considered in connection with a fraudulent joinder inquiry).  Also, the plaintiff demonstrates an intention to proceed against ALP, as she states that she is attempting to ascertain whether ALP made the ropivacaine.  See Abels, 770 F.2d at 32 (stating action naming "Doe defendants" survived fraudulent joinder analysis, as plaintiff was endeavoring to proceed against them and to conduct discovery).

It may be that the claims asserted against ALP would not withstand a motion to dismiss on the merits, or that the parties would benefit from more-definite statements in the Complaint.  Those concerns, however, are not relevant here.

## CONCLUSION

The Court will grant the plaintiff's motion to remand under the forum-defendant rule, deny the cross motion by ALP, APLP, and ZHI to dismiss, and remand the action.  The Court will issue an appropriate order and judgment.

 s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:  June 11, 2010